Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5443 | **DATE** | 8/30/11 |
| **CASE TITLE** | James Edward Dumas (M-07208) v. Mark Uteg | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff's complaint is dismissed without prejudice. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that both states a valid civil rights claim and addresses the time-bar and other issue discussed in this order. The clerk shall send to Plaintiff another *in forma pauperis* application and an amended complaint form. Plaintiff's failure to comply with this order within 30 days may be construed as his desire not to proceed with this case and will result in its dismissal without prejudice. Plaintiff's motion for service of his complaint at Government expense [4] is denied.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, James Edward Dumas (M-07208), currently incarcerated at the Danville Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 against the following parties: two of his prior private attorneys, Mark Uteg and Richard Irvin, several Assistant State's Attorneys for Kane County, and the Kane County Clerk. Plaintiff alleges that his attorneys failed to adequately represent him with respect to driving under the influence ('DUI") charges and that the prosecutors failed to timely obtain a probable cause hearing for Plaintiff. The events giving rise to Plaintiff's claims occurred from 2006 to, at the latest, August 7, 2009, when he was sentenced for his guilty-plea conviction for DUI.

Plaintiff's current application to proceed *in forma pauperis* is incomplete, as it does not include a copy of his prison trust fund account for a six-month period preceding his filing of this complaint. The issue of the filing fee must be resolved before this case can proceed forward.

The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff must either prepay the $350 filing fee or submit a completed IFP application with the above discussed information to proceed with this case.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Additionally, a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that it cannot proceed for several reasons. First, Plaintiff seeks to sue both of his defense attorneys for inadequately representing him. Defense attorneys, however, whether privately retained or appointed, are not "state actors" and therefore cannot be sued for damages in a 42 U.S.C. § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). To the extent Plaintiff seeks damages from his attorneys, he should bring such claims in state court. To the extent he seeks to allege ineffective assistance of counsel, Plaintiff should file a petition for habeas corpus relief, as opposed to a civil rights action for damages, after he exhausts state court remedies.

Second, with respect to the prosecutors, Plaintiff's allegations concern their actions relating to the filing of charges and their prosecution of Plaintiff's criminal case. Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Henry v. Farmer City State Bank*, 808 F .2d 1228, 1238 (7th Cir. 1986). Plaintiff's complaint's allegations, which seeks damages for the prosecutors' charging of Plaintiff and failure to obtain a timely probable cause hearing are actions intimately associated with prosecution procedures, for which they are immune.

Third, Plaintiff's various challenges to his prosecution and guilty plea for DUI, if successful, would necessarily call into question the validity of his conviction. Plaintiff may not challenge his conviction through a civil rights action for damages and he cannot bring such an action until the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If Plaintiff seeks to challenge the legality of his state court conviction, he should do so through a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 after he has exhausted state court remedies.

Lastly, all of the events that are the subject of Plaintiff's claims occurred between 2006 and August 2009, more than two years prior to filing this suit. To the extent that Plaintiff's claims are not barred by *Heck*, the face of his complaint indicates that they are time-barred. *Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989) (two-year limitations period applies for § 1983 claims filed in Illinois for false imprisonment, malicious prosecution, and similar torts).

Accordingly, for the reasons stated above, Plaintiff's complaint is dismissed without prejudice. If Plaintiff wants to proceed with this case, in addition to satisfying the filing fee requirement, he must submit an amended complaint that states a valid claim, names parties that are not immune from suit, and address why his complaint should not be dismissed as either barred by *Heck* or as untimely. Plaintiff is given 30 days to: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that addresses the concerns discussed herein. Failure to comply with this order may construed as Plaintiff's desire not to proceed with this case and will result in summary dismissal of the case without prejudice.